IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PERRY CLAYBORNE, | ) | CASE NO. 4:05CV00028 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 19, 2002 claim for a period of disability, disability income benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 44 years old with a ninth grade education in special education classes; with past relevant work as a material handler and a crane and forklift operator; had not engaged in substantial gainful activity since his alleged date

of disability onset, June, 2002; met the non-disability requirements; and was insured for benefits through the date of the Law Judge's decision. (R. 19-20.) The Law Judge further found that plaintiff has diabetes mellitus with retinopathy and nephropathy, hypertension, gastroesophageal reflux disease, chronic kidney insufficiency, and a history of alcohol and drug abuse which are severe impairments, though not severe enough to meet or equal any listed impairment. (R. 24.) The Law Judge was of the view that plaintiff's allegations concerning his limitations were not entirely credible and that he had the ability to perform heavy work, requiring lifting and/or carrying up to one hundred pounds occasionally and fifty pounds frequently, standing and/or walking up to six hours in an eight-hour workday, sitting without limitation, and with no other postural communicative, visual or environmental limitations. (R. 27.) The Law Judge determined that plaintiff can return to his past relevant work. (*Id.*)

Plaintiff appealed the Law Judge's decision to the Appeals Council. While the case was on administrative appeal, plaintiff, by counsel, submitted certain additional evidence along with a letter[1] brief dated December 7, 2004 which sets forth plaintiff's objections to the Law Judge's findings and conclusions. The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In the letter brief to the Appeals Council by his attorney, plaintiff contends that substantial evidence does not support the Law Judge's finding that he has the residual functional capacity (RFC) to perform heavy work. (R. 261.) Specifically, Plaintiff contends that the Law Judge erred in failing to acknowledge his description of the severe medical effects he endures

---

[1] Plaintiff has adopted this letter as the memorandum in support of his motion for summary judgment. (R. 259-263.)

2

because none of plaintiff's treating sources ever have suggested that his complaints were not credible. (*Id.*) Plaintiff further contends that the Law Judge applied an incorrect legal standard by merely adopting the opinion of the State agency (DDS) medical consultant which was not supported by the record. (*Id.*)

A review of the record shows that the Law Judge's findings are supported both by evidence submitted from plaintiff's treating source and that offered by the DDS consultant. On March 11, 2003, David C. Williams, M.D., evaluated plaintiff's medical records. (R. 160-167.) Dr. Williams determined that plaintiff can occasionally lift/carry 100 pounds or more, frequently lift/carry 50 pounds, stand and/or walk about 6 hours in an 8-hour work day, sit about 6 hours in an 8-hour work day, and that his ability to push/pull is unlimited. (R. 161.)

These findings are consistent with the evidence from his treating sources at the Volens Family Practice. (R. 224-234.) In a February 12, 2004 assessment of plaintiff's work-related abilities, Judith Anderson, a nurse practitioner at Volens, determined that plaintiff had no limitations on his ability to lift/carry, stand/walk, sit, push/pull, manipulate, or exposure to environmental conditions in the work place. (R. 231-232.) The medical records further provide that plaintiff's manipulative ability to reach in all directions, handle, finger, and feel were "unlimited."[2] (R. 233.)

Plaintiff next contends that the Law Judge failed to address the combined effect of his impairments. *Deloatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983). However, Plaintiff has not

---

[2]In the final sentence of her written assessment, nurse Anderson concludes that "[plaintiff] is not able to be employed on a regular basis." (R. 234.) This conclusion conflicts with all the specific findings set forth in the balance of the assessment form, thus providing a basis for the Law Judge and the Commissioner to reject her conclusions. *See* 20 C.F.R. § 416.927(e)(1).

3

provided any hint at which, if any of plaintiff's impairments, when evaluated singularly or in combination, would either meet the criteria of a listed impairment, or render him unable to perform his past work or any other substantial gainful activity. It would appear that the medical personnel at the Volens Family Practice had an opportunity to provide a holistic evaluation of the plaintiff, and found him not limited despite his diabetes mellitus and pancreatitis. Likewise, the Law Judge certainly seems to have evaluated the medical evidence before him in finding that plaintiff's impairments, singularly and in combination, were severe, but neither met the requirements of any listed impairment nor prevented him from performing his past relevant work. Thus, the undersigned does not believe that the Commissioner has failed to consider the combined or synergistic effects of plaintiff's maladies.

Plaintiff further contends that the Law Judge determined that the evidence submitted during the hearing was not new or material to the outcome of the case. To the extent the Law Judge was suggesting that the evidence did not provide anything not already revealed by the other medical evidence in the case, he is correct. If nothing else, the medical evidence submitted during the hearing (R. 169-237) did nothing to advance his claim or reveal anything more of his work-related capacity not theretofore revealed by the other evidence. In his report, the Law Judge has made reference to Exhibits 10, 11, 12, 13, 14, 15, 16, and 17. Moreover, the Law Judge considered the weight to be given this evidence, though it was not the weight the plaintiff desired. Plaintiff's contention in this regard doe not have merit.

Finally, plaintiff asks the court to remember *McCargo v. Commissioner of Social Security*, No. 403-21 (W.D. Va. December 30, 2003), apply it and at least remand the case for further proceedings. Plaintiff attached a copy of *McCargo* to his letter brief to the Appeals

4

Council. (R. 266-272.) Frankly, *McCargo* clearly is distinguishable on its underlying medical facts, thus rendering it inapposite here.

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

October 31, 2005
Date